STATE of Iowa, Appellee,

v.

James Bryan MIKESELL, Appellant.

No. 90–1495.

Supreme Court of Iowa.

Nov. 20, 1991.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., John P. Sarcone, County Atty., and Daniel Voogt, Asst. County Atty., for appellee.

Considered by CARTER, P.J., and LAVORATO and NEUMAN, JJ.

PER CURIAM.

James Mikesell was involved in a bar fight with Kenneth Pilkington. Pilkington suffered a broken jaw as a result of the fight.

Mikesell was charged with the crime of willful injury, a violation of Iowa Code section 708.4 (1989). At his jury trial Mikesell acknowledged participating in the fight but denied that he had possessed the intent to cause serious injury to another, one of the elements of willful injury. Both sides presented evidence about the nature of the fight as bearing on the intent element. Pilkington testified that Mikesell was the aggressor, that Pilkington tried to avoid the fight, and that Mikesell knocked him down and kicked him in the face repeatedly. Mikesell, on the other hand, characterized Pilkington as the aggressor. Mikesell claimed he kicked Pilkington in the face only to release his finger after Pilkington had bitten it.

The district court submitted to the jury two lesser-included offenses, assault with intent to inflict serious injury and simple assault. The jury rejected these lesser-included offenses and found Mikesell guilty of the crime charged, willful injury. Mikesell has appealed from the resulting conviction. He contends the district court erred by refusing to submit, as an additional lesser-included offense, the crime of assault without the intent to inflict a serious injury but resulting in bodily injury. *See* Iowa Code § 708.2(2).

The State does not appear to disagree that the crime of assault causing bodily injury under section 708.2(2) is a lesser-included offense of willful injury and could validly have been submitted here. However, the State argues that, because the jury rejected other lesser-included offenses, Mikesell suffered no prejudice from the court's failure to submit assault causing bodily injury as an additional lesser-included offense. *See State v. Nowlin*, 244 N.W.2d 591, 596 (Iowa 1976); *State v. Drosos*, 253 Iowa 1152, 1164–65, 114 N.W.2d 526, 533 (1962).

We disagree with the State's position regarding lack of prejudice. Under the posture of this case, the submission of assault causing bodily injury as a lesser-included offense was the only way to let the jury consider Mikesell's primary theory of defense. Under that theory, Mikesell essentially conceded that he committed an assault and that a serious injury resulted. He argued only that he lacked the intent to

inflict the serious injury. This theory of defense coincides with the elements stated in section 708.2(2) for the crime of assault without the intent to inflict a serious injury but causing bodily injury. The two lesser-included offenses actually submitted by the district court do not similarly coincide with Mikesell's defense theory, and the jury's rejection of those lesser offenses does not demonstrate to our satisfaction that the jury would have rejected Mikesell's defense theory if given complete instructions. *State v. Donelson*, 302 N.W.2d 125, 135 (Iowa 1981).

Mikesell's conviction is hereby reversed. This case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.