**STATE of Iowa, Appellee,**

v.

**Phillip Daniel NEGRETE, Appellant.**

**No. 91-465.**

Supreme Court of Iowa.

June 17, 1992.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., John P. Sarcone, County Atty., and James Ramey, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

Defendant Phillip Negrete appeals from his conviction of first-degree murder following a jury trial. Defendant's conviction stems from the March 24, 1990, death of a convenience store clerk. On appeal, defendant contends that the trial court erred by refusing to instruct the jury on simple assault as a lesser-included offense of first-degree murder. The State concedes the simple assault instruction should have been given but asserts that the trial court's refusal to submit the requested instruction was harmless error. We affirm.

Various witnesses testified that Phillip Negrete, Sam Archer, and James Reiner left a party sometime after 2:00 a.m. on March 24, 1990, with the stated intention of stealing merchandise at a convenience store. According to Archer and Reiner,

they both entered the store with defendant who had a hammer. Archer and Reiner also testified that defendant walked directly to the store clerk and hit him once in the head with the hammer. Archer and Reiner then used the hammer to pry open the cash register and take money.

The store clerk subsequently died. The physician who performed an autopsy on the store clerk determined that a blow to the back of the head was the cause of death. The physician further testified the store clerk's death could have been caused by a single blow from the claw end of the hammer or by two blows from the blunt end of the hammer.

Defendant was charged with murder in the first degree in violation of Iowa Code sections 707.1 and 707.2 (1991). The trial court submitted the issue of first-degree murder on alternative theories of premeditated murder and felony murder. Additional instructions were given on second-degree murder and involuntary manslaughter. The trial court denied defendant's request to submit an instruction on simple assault. The jury convicted defendant of murder in the first degree without specifying which theory it relied upon.

■ Iowa law on the submission of instructions on lesser-included offenses is summarized in *State v. Jeffries*, 430 N.W.2d 728 (Iowa 1988). In *Jeffries*, we reexamined and modified Iowa's approach to the lesser-included offense doctrine and, with two exceptions, established an automatic instruction rule if the legal test[1] has been satisfied. *Id.* at 736–37; *see also* Iowa R.Crim.P. 6(3) (requiring the trial court "to instruct the jury, not only as to the public offense charged but as to all lesser offenses of which the accused might be found guilty ... even though such instructions have not been requested").

■ The State agrees that the legal test has been met for the submission of assault as a lesser-included offense of first-degree murder based on a theory of premeditated murder. The State also agrees that neither of the two exceptions set forth in *Jeffries* is applicable in this case. The State's sole argument is the trial court's failure to submit an assault instruction was harmless error, did not prejudice defendant or require a new trial. We need only address the matter of prejudice.

Since *Jeffries,* this court has repeatedly held that the trial court's failure to give a requested lesser-included offense instruction is reversible error. In *Jeffries,* the trial court failed to submit a jury instruction on harassment as a lesser-included offense of insurrection, and we held this failure to be reversible error. 430 N.W.2d at 741. In *State v. Royer,* 436 N.W.2d 637, 642 (Iowa 1989), we relied upon *Jeffries* in deciding that the trial court erred by failing to submit instructions on arson in the second degree and reckless use of fire as lesser-included offenses of arson in the first degree. Likewise, in *State v. McNitt,* 451 N.W.2d 824, 824–25 (Iowa 1990), we held defendant was entitled to a new trial because the trial court failed to give defendant's requested instruction on the crime of assault with intent to commit sexual abuse as a lesser-included offense of third-degree sexual abuse. These cases are not binding here because the issue of prejudice was not an issue.

In two recent cases, the matter of defendant's prejudice was an issue. *State v. Mikesell,* 479 N.W.2d 591 (Iowa 1991); *State v. Turecek,* 456 N.W.2d 219 (Iowa 1990). In *Mikesell,* as in this case, the State conceded that the offense at issue was a lesser-included offense of the crime charged but argued that defendant suffered no prejudice. 479 N.W.2d at 591. We held the defendant in *Mikesell* was prejudiced based upon the fact that the omitted lesser-included offense instruction coincided with defendant's primary theory of defense. *Id.* at 592. However, *Mikesell* can be distinguished because the defendant in this case did not rely on simple assault as a theory of defense. Instead, defendant in this case elicited testimony during cross-examination regarding his alleged drinking

---

1. The legal or element test requires the lesser offense to be composed solely of some but not all of the elements of the greater offense. *Id.* at 736.

and obtained a jury instruction on intoxication.

In *Turecek*, we held that the trial court's failure to submit defendant's requested instruction on simple assault as a lesser-included offense of second-degree sexual abuse was reversible error. 456 N.W.2d at 223. We reasoned that the evidence of an assault committed prior to the alleged sexual abuse constituted an alternative scenario in the proof which would support a finding of guilt of the crime of assault. *Id.* at 222. We cautioned:

> We do not rule out the possibility that we may in the future be faced with *a case* where we are convinced that there is only *one view of the evidence* which compels a finding of guilt as to the greater offense.

*Id.* (emphasis added). Defendant asks that we retreat from this language and apply an automatic reversal rule when a lesser-included offense instruction is not given by the trial court. We reject this invitation.

> This court has a long history of not reversing on the ground of technical defects in procedure unless it appears in some way they have prejudiced the complaining party or deprived him or her of full opportunity to make defense to the charge presented in the indictment or information.

*State v. Smith*, 282 N.W.2d 138, 141 (Iowa 1979) (citations omitted).

The jury's failure to convict defendant of either of the lesser-included offenses of second-degree murder or involuntary manslaughter strongly supports a determination that defendant suffered no prejudice. We have followed the general rule that the jury's rejection of a greater-included offense negates a defendant's claim of prejudice due to a trial court's failure to submit an instruction on a lesser-included offense. *See State v. Nowlin*, 244 N.W.2d 591, 596 (Iowa 1976); *State v. Drosos*, 253 Iowa 1152, 1164–65, 114 N.W.2d 526, 533 (1962) (citing *State v. Troy*, 206 Iowa 859, 866, 220 N.W. 95, 98 (1928)). It is true that we did not follow this rule in *Mikesell;* however, we reasoned that prejudice was present because submission of the omitted lesser-included offense was the only opportunity for the jury to consider defendant's theory of defense. As indicated previously in this case, defendant did not rely on simple assault as a theory of defense. Thus, we believe that the jury's rejection of the greater-included offenses negates defendant's claim that he was injuriously affected by the trial court's failure to instruct on assault. We conclude that the evidence presented affirmatively establishes that the error did not prejudice defendant and that no miscarriage of justice occurred.

In summary, we hold defendant was not prejudiced by the court's failure to give an instruction on simple assault. We affirm defendant's conviction and the trial court's judgment.

AFFIRMED.