**IN THE COURT OF APPEALS OF IOWA**

No. 13-0418
Filed April 16, 2014

**TIMOTHY TERRELL HINES,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Linn County, Marsha Beckelman, Judge.


     An applicant appeals the district court's denial of his application for postconviction relief asserting his trial and appellate counsel were ineffective. **AFFIRMED.**


     Mark C. Meyer, Cedar Rapids, for appellant.

     Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Robert Hruska, Assistant County Attorney, for appellee.


     Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

Timothy Hines appeals the district court's denial of his application for postconviction relief (PCR). Hines was convicted following a jury trial of second-degree murder in 2008. His conviction was affirmed by this court in 2010, and the facts surrounding the murder are adequately relayed in that opinion. *See State v. Hines*, No. 09-0241, 2010 WL 446954, at *1–2 (Iowa Ct. App. Feb. 10, 2010). We preserved for PCR Hines's claim that his attorney was ineffective in failing to object to the court's failure to include his justification defense in the marshalling instruction for second-degree murder. In his PCR application, Hines raises this claim along with two other claims: (1) trial counsel was ineffective in failing to object to the combination of the self-defense jury instruction with the defense-of-others jury instruction and (2) appellate counsel was ineffective in failing to raise on appeal a claim that the trial court erred in failing to instruct the jury on lesser-included offenses involving assault.

The district court rejected these claims in a thorough and well-reasoned opinion. With regard to the claim involving the marshalling instruction on second-degree murder, the court concluded Hines could not prove his trial counsel was ineffective because the jury instruction given was based on the uniform jury instruction, and it was not legal error to not include the justification element in the marshalling instruction of the crime. In addition, the court concluded Hines could not prove the result of the trial would have been different had the court put the justification element in the marshalling instruction.

With regard to the jury instruction on the affirmative defense of justification, the trial court concluded that the decision to include the defense of others in the instruction was a strategic decision by Hines's trial counsel that was not unreasonable. Therefore, Hines's could not prove his counsel breached an essential duty. Finally, with regard to the claim appellate counsel should have raised the issue of the court's refusal to instruct on assault as a lesser-included crime, the district court ruled the jury had an opportunity to consider Hines's defenses and rejected them when it convicted him of second-degree murder. Thus, Hines could not prove he was prejudiced by appellate counsel not raising the issue on direct appeal because the jury convicted him of a greater-included offense, which negates his claim the jury would have convicted him of a lesser-included offense if submitted. *See State v. Negrete*, 486 N.W.2d 297, 299 (Iowa 1992).

Upon our de novo review of the record, we affirm the district court's decision pursuant to Iowa Court Rule 21.26(1)(d) because the district court opinion considers all of the issues presented on appeal and we approve of the reasons and conclusions of the district court.

**AFFIRMED.**