**STATE of Iowa, Appellee,**

v.

**Anthony Otto OLSON, Appellant.**

No. 84–1932.

Supreme Court of Iowa.

Aug. 21, 1985.

Rehearing Denied Sept. 19, 1985.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., and James J. Koll, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN, and SCHULTZ, JJ.

McGIVERIN, Justice.

Defendant Anthony Otto Olson appeals from his conviction of first-degree burglary in violation of Iowa Code sections 713.1 and 713.3 (1983), contending that the State's evidence was insufficient for conviction. We affirm.

I. *Background facts and proceedings.* The evidence showed that the complainant, Rick Tritten, was alone and asleep in his apartment in Fort Dodge on the evening of July 24, 1984, when "a big bang at the front door" awakened him. Tritten put on his pants, went into his living room, and saw defendant, who was gaining entry to the apartment by breaking the door jamb and lock.

Defendant, described by Tritten as "yelling and screaming and ranting," asked Tritten where his (defendant's) "[expletive] old lady" was. Tritten did not know either defendant or the woman defendant was looking for, although his two roommates (who were not present at the time) did.

Defendant, in a highly agitated state, looked through each of the rooms of the apartment and found no one. He returned to the living room, pulled a ten-inch knife out of his clothing, and held it to Tritten's neck causing a two-inch scrape on the skin, again demanding to know where defendant's wife was. Tritten repeated that he did not know. Defendant then left the apartment, saying he was going to kill his "[expletive] old lady."

Defendant was subsequently apprehended and charged by trial information with first-degree burglary in violation of Iowa Code sections 713.1 and 713.3.[1]

At trial, the State contended that defendant entered Tritten's apartment with intent to assault defendant's wife, and that this intent could be inferred from defendant's conduct in breaking down the door, agitatedly searching for his wife, holding a knife to Tritten's neck while demanding to know where she was, and saying that he was going to kill her. At the close of the evidence, defendant moved for a judgment of acquittal, Iowa R.Crim.P. 18(8)(a), on the ground that insufficient evidence had been presented to allow the jury to find that defendant had entered the apartment with intent to commit an assault. Defendant's motion was denied. The jury found him guilty of first-degree burglary. This appeal by defendant followed.

II. *Evidence regarding defendant's intent.* The issue raised by defendant is one of due process under the fourteenth amendment of the federal constitution, specifically, his right not to be convicted of a crime in the absence of proof of every element thereof beyond a reasonable doubt. *See State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984); *State v. Robinson,* 288 N.W.2d 337, 339 (Iowa 1980). The more narrow issue addressed by defendant in his brief is whether a rational trier of fact in this case could have found beyond a reasonable doubt that defendant entered the apartment with intent to commit an assault.

We note at the outset of our discussion that the element of intent in burglary is seldom susceptible to proof by direct evidence. *State v. Furlong,* 216 Iowa 428, 432, 249 N.W. 132, 134 (1933). Proof of intent will usually be a matter of circumstantial evidence and inferences drawn therefrom. *Id.*

So it is in this case. To convict defendant of burglary, the jury had to, and was allowed to, infer his intent to commit an assault from the circumstances of his entry and his subsequent acts. We must determine whether that inference was constitutionally permissible, keeping in mind that the State was required to prove beyond a reasonable doubt all of the essential elements of the crime of first-degree burglary, including defendant's intent to commit an assault at the time he made his entry. *State v. Farrand,* 192 Iowa 809, 812, 185 N.W. 586, 587 (1921).

This issue involving proof of defendant's intent at time of entry is, we believe, similar to that raised when a statute provides that evidence of one fact, which may or may not be itself an element of a crime, is sufficient to allow a jury to infer another fact which is an element of a crime. The United States Supreme Court has in several cases passed on the constitutionality of various such inferences.

In *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), a federal statute prohibited possession, by a fugitive or one convicted of a violent crime, of a firearm or ammunition transported in interstate or foreign commerce. The statute further provided that the fact of possession of a firearm or ammunition by a fugitive or person convicted of a violent crime was evidence sufficient to allow an inference

---

1. Iowa Code sections 713.1 and 713.3 provide as follows:

713.1 Burglary defined. Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief, such occupied structure or place not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be

there has expired, or any person having such intent who breaks an occupied structure or other place where anything of value is kept, commits burglary.

713.3 Burglary in the first degree. A person commits burglary in the first degree if, while perpetrating a burglary, the person has in his or her possession an explosive or incendiary device or material, or a dangerous weapon, or intentionally or recklessly inflicts physical injury on any person. Burglary in the first degree is a class "B" felony.

that the firearm or ammunition had been transported in interstate or foreign commerce. The Court held such an inference constitutionally impermissible on the ground that there was no rational connection between the fact proved (possession of firearm or ammunition) and the fact to be inferred therefrom (transportation in interstate or foreign commerce). *Id.* at 467–68, 63 S.Ct. at 1245, 87 L.Ed. at 1524–25.

The "rational connection" test was reiterated in *United States v. Gainey,* 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); *United States v. Romano,* 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); and *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). In *Leary,* the Court said:

> The upshot of Tot, Gainey, and Romano is ... that a criminal statutory presumption[2] must be regarded as ... unconstitutional, unless it can be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.

395 U.S. at 36, 89 S.Ct. at 1548, 23 L.Ed.2d at 82. (Footnote added.)

The "rational connection—more-likely-than-not" test has been criticized as inconsistent with the constitutional requirement that a criminal defendant's guilt be proven beyond a reasonable doubt. *See, e.g., United States v. Adams,* 293 F.Supp. 776, 783–84 (S.D.N.Y.1968). Under this theory, the use of an inference based on a particular proved fact is constitutionally impermissible unless the proved fact establishes the inferred fact beyond a reasonable doubt. *See* W. LaFave and A. Scott, Jr., Handbook on Criminal Law 149 (1972); Comment, *The Constitutionality of Statutory Criminal Presumptions,* 34 U.Chi.L.Rev. 141, 147–48 (1966). The *Leary* Court took note of this theory, but said that because the inference challenged in that case failed even the less demanding "more-likely-than-not" test, there was no need to decide whether it had

to satisfy the "reasonable doubt" test. *Leary,* 395 U.S. at 36 n. 64, 89 S.Ct. at 1548 n. 64, 23 L.Ed.2d at 82 n. 64.

In *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the Court finally considered the appropriate test to apply to determine the constitutionality of a permissible inference. The "more-likely-than-not" test, described in *Leary* was adopted, that is, the Court required "a 'rational connection' between the basic facts that the prosecution proved and the ultimate fact presumed, and the latter is 'more-likely-than-not to flow from' the former." *Id.* at 165, 99 S.Ct. at 2228–29, 60 L.Ed.2d at 797. The burden on the prosecution to establish the guilt of a defendant beyond a reasonable doubt was not altered; a case could not rest entirely on a presumption unless the fact proved was sufficient to support the inference of guilt beyond a reasonable doubt. *Id.* at 167, 99 S.Ct. at 2229–30, 60 L.Ed.2d at 798.

In light of *Ulster,* we believe that the issue presented by this case may be alternatively stated as whether it is more-likely-than-not that the inference drawn by the jury in this case, i.e., that defendant entered Tritten's apartment with intent to commit an assault, was true.

■ We believe that in view of defendant's violent entry into the apartment, his agitated mental state, his possession of a dangerous weapon, his assault with it on Tritten, and his parting statement that he was going to kill his wife, it may be safely concluded that it was more-likely-than-not that defendant had an intent to commit an assault when he entered the apartment. Tritten did nothing to agitate defendant while defendant was in the apartment. Permitting the jury to infer defendant's intent to assault at the time he entered the apartment did not violate defendant's constitutional right to due process of law.

This conclusion is also consistent with our statements in another recent first-de-

---

**2.** *Tot, Gainey, Romano,* and *Leary* all employ the term "presumption" as the equivalent of "permissible inference."

gree burglary case, *State v. Franklin*, 368 N.W.2d 716 (Iowa 1985). We there said:

> The jury could gather [defendant's] intent at [time of entry] from what was later said and from the violent conduct which followed.
>
> . . . .
>
> Matters that occur after entry are of moment in elevating a burglary to first-degree: physical injury, possession of a weapon at any point while participating in the burglary.

*Id.* at 719–20.

Adequacy of proof as to the other essential elements of the first-degree burglary conviction are not specifically raised by defendant on appeal. However, we conclude on review of the record as a whole that a rational jury could find beyond a reasonable doubt that defendant was guilty of first-degree burglary.

The case is affirmed.

AFFIRMED.