STATE of Iowa, Appellee,

v.

Robert D. McNITT, Jr., Appellant.

No. 89–06.

Supreme Court of Iowa.

Feb. 21, 1990.

As Corrected March 16, 1990.

Raymond E. Rogers, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., and Michael P. Short, Co. Atty., for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

A jury convicted Robert D. McNitt of committing sexual abuse in the third degree in December of 1988. The crime occurred during a paternity dispute and argument about adoption of the victim's child. At the close of evidence, McNitt objected to the jury instructions proposed by the district court, and argued that the crime of assault with intent to commit sexual abuse should also be submitted as a lesser-included offense of sexual abuse in the third degree. The trial court, however, declined to give an instruction based on assault with intent to commit sexual abuse. McNitt raises this issue as his sole assignment of error.

The State concedes that if this court's opinion in State v. Jeffries, 430 N.W.2d 728 (Iowa 1988), did not alter the legal basis test for determining lesser-included offenses, McNitt was entitled to the instruction. It points out, however, that the Jeffries decision can be interpreted to preclude instructions based upon the so-called "impossibility" test.

The trial court in determining not to give McNitt's requested instruction, apparently adopted the position that the statutory elements approach iterated in Jeffries foreclosed application of the "impossibility test."

That part of our legal test prior to Jeffries, stated that one offense is a lesser-included offense of a greater offense when the greater offense cannot be committed without also committing the lesser crime. E.g., State v. Lampman, 345 N.W.2d 142, 143 (Iowa 1984).

If the above test is no longer a part of the legal test for lesser-included offenses, then the instruction should not have been given. This is because the intent element of assault with intent to commit sexual abuse is different from the intent element of sexual abuse in the third degree. The latter crime requires only general intent. See, e.g., Lamphere v. State, 348 N.W.2d 212, 217 (Iowa 1984). Assault with intent to commit sexual abuse, however, requires specific intent. Iowa Code § 709.11 (1987). Applying the strict statutory elements test without incorporating the "impossibility test," yields the result that assault with intent to commit sexual abuse is not a lesser-included offense of sexual abuse in the third degree.

■ The position adopted by the trial court is too restrictive an interpretation of our decision in *Jeffries*. The import of the *Jeffries* decision was solely in our abandonment of the factual test that had theretofore been applicable in determining whether a given offense was included in another. *E.g., State v. Morgan*, 322 N.W.2d 68, 69–70 (Iowa 1982). *Jeffries* in no way altered the legal test applicable to the determination. A lesser offense is necessarily included in the greater offense if the greater offense cannot be committed without also committing the lesser. *Jeffries*, 430 N.W.2d at 740 (*citing State v. Redmon*, 244 N.W.2d 792, 801 (Iowa 1976)). *Accord, State v. Goff*, 342 N.W.2d 830, 835–36 (Iowa 1983); *Cf. State v. Johnson*, 291 N.W.2d 6 (Iowa 1980).

It is obvious that when the "impossibility test" is applied, McNitt was entitled to his proposed instruction on the lesser-included offense. Sexual abuse in the third degree cannot be committed without also committing the crime of assault with intent to commit sexual abuse. Accordingly, the decision of the district court is reversed and the case remanded for new trial.

REVERSED AND REMANDED.