STATE of Iowa, Plaintiff–Appellee,

v.

**Juan Jose HERNANDEZ, Jr., Defendant–Appellant.**

No. 94–1764.

Court of Appeals of Iowa

Aug. 17, 1995.

886

John G. Martens of Sanderson, Ridout & Martens, Estherville, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Lynn K. Fillenwarth, County Attorney, and Richard J. Meyer, Assistant County Attorney, for appellee.

Heard by HAYDEN, P.J., CADY, J., and SCHLEGEL, Senior Judge.*

CADY, Judge.

Juan Hernandez and Danyel Snyder of Estherville had lived together for three years. The couple had met shortly after Hernandez arrived in Estherville to work at a food processing plant. During this relationship a daughter, Victoria, was born in 1992. The relationship between Hernandez and Snyder was rocky, with frequent arguments and physical altercations. Both had a drinking problem. On October 25, 1993, Hernandez was arrested and charged with first-degree burglary.

According to the record at trial, the events leading up to arrest are in dispute. Hernandez testified that on October 24, 1993, he awoke to find his daughter crying and with-out food. He noticed that Snyder had left home without any message as to her whereabouts. Hernandez testified he called several of Snyder's drinking friends and eventually found her at the home of Sheral Henley. He stated he went to the Henley residence to ask Snyder to come home and take care of the baby. Hernandez testified that Henley invited him into the home, where he found Snyder passed out on the couch. He stated that due to her condition, he left the Henley residence. Hernandez next stated he called the police department to enlist their help in persuading Snyder to return home. They told him, however, there was nothing they could do to force Snyder to return home, but that he should not try to contact her further.

According to Hernandez, later that afternoon he received a call from Henley indicating that Snyder might be ready to return home. Hernandez testified that Henley told him the back door would be unlocked. When Hernandez arrived, Snyder was on the telephone to a friend, Tanya Jones. He asked her if she was ready to go home and take care of their daughter. Hernandez alleged Snyder then pushed him to the floor. The argument spilled out onto the front lawn of the Henley residence. A neighbor witnessed the altercation and summoned the Estherville police.

Snyder testified that prior to this incident she had obtained a no-contact order against Hernandez. She testified that she was on the telephone with Jones when she heard a loud crash at the back door. She stated all the doors in the house were locked. Snyder further testified she turned around and saw Hernandez standing in the doorway. Hernandez asked her to go home. She said no and he grabbed her by the arms, wrestling her to the floor. She next testified Hernandez dragged her out to the front lawn and began kicking her. She yelled for the neighbors to call the police. Officers Milburn and Sergeant Reynolds arrived on the scene. They testified that Snyder yelled at them to keep Hernandez away from her. The offi-

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

cers stated Snyder had some reddening under the eyes and a swollen lip. The officers further testified a subsequent investigation revealed the back door had been locked and had been forcibly opened.

After the State rested its case and at the end of all the evidence, Hernandez filed motions for judgment of acquittal based upon the failure of the State to produce sufficient evidence of the commission of a burglary or entry with intent to commit an offense. The district court denied the motions. Prior to submission of instructions to the jury, defense counsel objected generally to any instructions relating to the crime of burglary, attempted burglary, or assault while participating in a felony (burglary) based on insufficiency of the evidence. Over these objections, the district court submitted instructions on the charge of first-degree burglary, attempted second-degree burglary, and assault while participating in a felony (burglary). The district court also submitted the lesser included offenses of criminal trespass, assault causing bodily injury, and simple assault without objection from the defense.

On July 20, 1994, the jury found Hernandez guilty of assault while participating in a felony, but acquitted him of the charges of first-degree burglary and the lesser included offenses of attempted first-degree burglary, second-degree burglary, attempted second-degree burglary, and criminal trespass. Hernandez subsequently filed a motion in arrest of judgment based on the inconsistencies in the jury's verdicts, double jeopardy, and insufficiency of the evidence. The district court overruled the motion. Hernandez was sentenced to serve an indeterminate term of five years. Hernandez has appealed.

Hernandez maintains the district court erred in submitting the charges of burglary and assault while participating in a burglary because the record clearly shows his only intent upon entering the Henley residence was to convince Snyder to return home to care for their child. He notes that he even tried to enlist the aid of the police. Hernandez next claims the district court should have granted his motion for new trial based on the inconsistent jury verdicts. He contends it is inconceivable a jury could acquit him of all burglary-related charges and lesser included offenses and yet convict him of assault while participating in a burglary. Hernandez additionally argues the district court erred in not instructing the jury that specific intent must be proven in the charge of assault while participating in a felony.

## I. Sufficiency of Evidence

■ We review the denial of a motion for judgment of acquittal based on insufficient evidence under a substantial evidence standard. *State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981). Substantial evidence is evidence that would convince a rational fact finder of defendant's guilt beyond a reasonable doubt. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980).

■ In applying the substantial evidence standard, we consider the evidence in a light most favorable to the State. *State v. LaPointe*, 418 N.W.2d 49, 51 (Iowa 1988). All legitimate inferences and presumptions which fairly and reasonably arise from the record may be made in considering the evidence. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). However, all the evidence is considered, not just evidence which supports the verdict. *State v. Blair*, 347 N.W.2d 416, 419 (Iowa 1984).

■ The fighting question is whether there was sufficient evidence that Hernandez harbored a specific intent to assault Snyder at the time he entered the residence. Hernandez asserts he simply wanted to talk with Snyder about taking care of their young child. Hernandez had expressed his concern about getting Snyder to come home to care for the baby to several individuals prior to the incident.

On the other hand, the evidence revealed that Hernandez was upset. He entered the locked door of the house in a violent manner, and an assault followed. The assault continued as Hernandez dragged Snyder from the house.

■ Considering all the evidence, we find substantial evidence to support the verdict. The element of intent is seldom susceptible to proof by direct evidence. *State v. Olson*, 373 N.W.2d 135, 136 (Iowa 1985). It

often depends upon circumstantial evidence and inferences drawn from such evidence. *Id.* The jury could properly infer Hernandez intended to assault Snyder when he entered the residence based on his forced entry and subsequent actions. Moreover, the finder of fact was not required to accept Hernandez' testimony about his intent. *State v. Trammell,* 458 N.W.2d 862, 863 (Iowa App.1990). Substantial evidence supports the conviction.

## II. Inconsistent Verdicts

Hernandez next argues his conviction for the lesser crime of assault while participating in a felony was legally and factually inconsistent with his acquittal of the greater crimes of burglary and attempted burglary. He points out the felony which he was convicted of participating in was the burglary or attempted burglary of which he was acquitted, and an acquittal of the predicate felony logically mandates an acquittal of the compound offense.

The State responds that Hernandez failed to preserve error on this claim when he did not object to the trial court's instructions to the jury on the grounds that inconsistent verdicts could result. Notwithstanding, the State argues that seemingly inconsistent verdicts involving lesser included offenses do not support reversal when the verdict rendered is supported by substantial evidence.

■ We begin our analysis by recognizing the trial court has a duty to instruct on all lesser included crimes. Iowa R.Crim.P. 6(3); *State v. Mount,* 422 N.W.2d 497, 501 (Iowa 1988). In all but a few instances not applicable to this case, the determination of what constitutes a lesser included offense is resolved solely by a legal test. *State v. McNitt,* 451 N.W.2d 824, 825 (Iowa 1990); *State v. Jeffries,* 430 N.W.2d 728, 737 (Iowa 1988).[1]

■ A lesser offense is included within the greater offense under the legal test if it is not possible to commit the greater crime without also committing the lesser crime. *McNitt,* 451 N.W.2d at 824; *Jeffries,* 430 N.W.2d at 733. Under this test, it is clear that the crime of assault while participating in a felony is a lesser included offense of burglary in the first degree when charged under the "intentionally or recklessly inflicts bodily injury" alternative. Burglary is a felony. Iowa Code § 713.3 (1993). It is not possible to commit the "intentionally or recklessly inflicts bodily injury" alternative of burglary in the first degree without also committing the crime of assault while participating in a felony. A person who intentionally inflicts bodily injury upon another necessarily commits an assault.

■ In this case, the trial court was duty-bound to include assault while participating in a felony as a lesser included offense. Thus, Hernandez had no legal or factual basis to lodge an objection. Moreover, the actual error claimed by Hernandez on appeal does not arise from an error in the instructions but from the perceived inconsistent application of the instructions by the jury to the evidence presented at trial. Thus, it is the verdict, not the instructions, which generates the claimed error. We find the claim properly preserved on appeal.

Having concluded that assault while participating in a felony is a lesser included offense of the intentional infliction of bodily injury alternative of first-degree burglary, we summarily reject the argument by Hernandez that the verdicts were legally inconsistent. We turn our attention to the companion claim that the verdicts were factually inconsistent.

■ We acknowledge that the verdict suggests an inconsistency. The evidence to support a conviction for assault while participating in a felony is the same evidence that suggests a conviction for attempted burglary. We need not speculate, however, about the thought process which may have led to the

---

1. Although the legal test dominates the analysis, we nevertheless recognize that substantial evidence must always be present to support each element of the lesser included offenses. *State v. Jeffries,* 430 N.W.2d 728, 737 (Iowa 1988); *State v. Royer,* 436 N.W.2d 637, 642–43 (Iowa 1989). It is normally unnecessary to conduct a separate analysis involving the sufficiency of evidence to support the lesser crimes since the determination is usually implicit in the decision to submit the greater offense. *Royer,* 436 N.W.2d at 642.

verdict. We believe the type of inconsistency in the verdict raised by Hernandez should not be reviewable.

In *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), the Supreme Court held that a criminal defendant could not challenge a conviction on one count of a multiple count indictment solely because it may be inconsistent with an acquittal by the jury on another count. *Id.* at 393, 52 S.Ct. at 190, 76 L.Ed. at 359. Speaking through Justice Holmes, the Court stated: "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." *Dunn,* 284 U.S. at 393, 52 S.Ct. at 190, 76 L.Ed. at 358–59. This rule was later applied where the defendant, in a case compatible to this case, was convicted of a compound offense but acquitted of a predicate offense that was an element of the compound offense. *United States v. Powell,* 469 U.S. 57, 69, 105 S.Ct. 471, 479, 83 L.Ed.2d 461, 471 (1984).

The Court in *Dunn* and *Powell* recognized that although inconsistent verdicts reveal the jury did not speak its real conclusions, they do not necessarily show the jury was not convinced of the defendant's guilt. *Dunn,* 284 U.S. at 393, 52 S.Ct. at 190, 76 L.Ed. at 359; *Powell,* 469 U.S. at 63, 105 S.Ct. at 475, 83 L.Ed.2d at 467. Thus, considering the historic reluctance of courts to inquire into the internal workings of the jury, the inability to determine whether the prosecutor or the defendant actually benefited by the inconsistency, and the prosecutor's inability to invoke review of inconsistent verdicts, the most desirable course of action to follow when confronted with inconsistent verdicts is to simply insulate the verdict from review.[2] *Powell,* 469 U.S. at 67–69, 105 S.Ct. at 477–79, 83 L.Ed.2d at 470–71. Instead, appellate review should be limited to whether sufficient evidence exists to support the verdict returned by the jury. *Id.* This approval is

the most sensible under the circumstances and adequately protects defendants from irrational verdicts.

### III. Specific Intent

The final claim by Hernandez is the court erred by failing to directly identify specific intent as an element of the crime of assault while participating in a felony. We believe the argument is without foundation.

The trial court properly set forth the elements of burglary in one instruction and the elements of assault while participating in a burglary in another instruction. The two instructions, when read together, adequately explain the specific intent element of the crime.

**AFFIRMED.**

2. The Supreme Court in *Powell* acknowledged the jury may have acquitted the defendant on the predicate offense as a result of lenity. *United States v. Powell,* 469 U.S. 57, 65, 105 S.Ct. 471, 476, 83 L.Ed.2d 461, 468 (1984). While the jury has no right to exercise such power, it will not be disturbed. *Dunn v. United States,* 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–91, 76 L.Ed. 356, 359 (1932). Our supreme court has also acknowledged the possibility of the use of leniency by juries but has similarly declined to interfere. *See State v. Stump,* 254 Iowa 1181, 1201, 119 N.W.2d 210, 222 (1963).