**STATE of Iowa, Appellee,**

v.

**Charles Edward WILLARD, Appellant.**

No. 96–774.

Supreme Court of Iowa.

Sept. 17, 1997.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden and Thomas H. Miller, Assistant Attorneys General, and Mary L. Benton, County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

LARSON, Justice.

Charles Willard was convicted of setting fire to All Saints Catholic Church in Stuart, Iowa. The sole issue on appeal is whether the district court erred in sentencing Willard to two consecutive twenty-five-year terms—one for first-degree arson and one for second-degree arson as a hate crime. We hold that conviction and sentencing on both offenses is not permitted by our statutes. We affirm the conviction of first-degree arson, reverse the conviction for second-degree arson, and remand for resentencing.

In 1992 the Iowa Legislature enacted Iowa Code section 712.9 (1995), a statute that increases the punishment for second- and third-degree arson, under certain circumstances:

> A violation of sections 712.3 through 712.8, which is also a hate crime as defined in section 729A.2, shall be classified and punished as an offense one degree higher than the underlying offense.

Willard, convicted of both first-degree arson and second-degree arson as a hate crime, for the same act, argues that the latter is included in the first-degree arson offense and is therefore not subject to additional punishment. *See State v. Halliburton,* 539 N.W.2d 339, 343–44 (Iowa 1995). The State argues that second-degree arson as a hate crime is not included in first-degree arson, and therefore, it is presumed that both are permissible under double jeopardy principles. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *State v. Aguiar-Corona,* 508 N.W.2d 698, 701 (Iowa 1993).

*Blockburger* held that, when the same act constitutes a violation of *two distinct* statutory provisions, the question of whether there are two offenses, for punishment purposes, is whether each provision requires proof of an additional fact that the other does not. *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309; *see also Aguiar-Corona,* 508 N.W.2d at 701. If it is determined that two separate statutes are violated by a single act and neither is an included offense in the other, a presumption arises that multiple punishments may be assessed. *Missouri v. Hunter,* 459 U.S. 359, 367, 103 S.Ct. 673, 679,

74 L.Ed.2d 535, 543 (1983); *State v. McKettrick,* 480 N.W.2d 52, 57 (Iowa 1992).

We have applied this principle in approving double punishment. In *State v. Perez,* 563 N.W.2d 625 (Iowa 1997), for example, the defendant was found guilty, through a single act of shooting another, of both willful injury under Iowa Code section 708.4 and assault while participating in a felony under section 708.3. We concluded that separate punishments were permissible because two distinct crimes were committed: the assault and the underlying felony. *Perez,* 563 N.W.2d at 628.

■ The test to be applied, as stated by the Supreme Court, is that

[w]here ... a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Hunter,* 459 U.S. at 368–69, 103 S.Ct. at 679, 74 L.Ed.2d at 544.

■ In contrast to the statutes in *Perez,* the present case does not involve violations of two separate statutes. The statutory scheme clearly shows this by making first-degree and second-degree arson mutually exclusive. Iowa Code section 712.2 provides:

Arson is arson in the first degree when the property which the defendant intends to destroy or damage, or which the defendant knowingly endangers, is property in which the presence of one or more persons can be reasonably anticipated, or the arson results in the death of a fire fighter, whether paid or volunteer.

Arson in the first degree is a class "B" felony.

Section 712.3 then describes second-degree arson:

*Arson which is not arson in the first degree is arson in the second degree* when the property which the defendant intends to destroy or damage, or which the defendant knowingly endangers, is a building or a structure, or real property of any kind, or standing crops, or is personal property

the value of which exceeds five hundred dollars. Arson in the second degree is a class "C" felony.

(Emphasis added.)

Because the present case involves mutually exclusive definitions of the crimes of first- and second-degree arson, it is analogous to *McKettrick* in which we noted that under plain statutory language a defendant could not be convicted of both assault with intent to commit serious injury, under Iowa Code section 708.2(1) (1989), and assault causing bodily injury, under Iowa Code section 708.2(2), because the latter is an assault "without the intent to inflict a serious injury." The two offenses were therefore held to be mutually exclusive; a defendant could not be guilty of simultaneously acting *with* and *without* intent. *McKettrick,* 480 N.W.2d at 58.

The State argues that Iowa Code section 729A.2, our "hate crime" statute, when considered in conjunction with the second-degree arson statute, Iowa Code § 712.3, evidences legislative intent to create a separate offense: second-degree arson as a hate crime. It also argues that unless Willard is punished for both first-degree arson and second-degree arson as a hate crime, there will be no enhancement because of the building's being one that could reasonably be expected to be occupied (first-degree arson) as opposed to a mere outbuilding owned by the victim (second-degree arson). There is logic in this argument. We would ordinarily expect that a hate burning of a home, for example, would be punished more severely than a hate burning of a barn.

The problem with the State's interpretation argument is twofold: (1) it runs counter to the language of the statutes making first-degree and second-degree arson mutually exclusive, and (2) there is a countervailing "reasonableness" argument: if second-degree arson as a hate crime is punished as first-degree arson, the sentence enhancement would double that imposed by the statute for first-degree arson. The result would be, as here, two consecutive, twenty-five-year sentences. Iowa Code section 712.9 provides that the seriousness of a particular offense

will be increased to the next higher degree, not doubled.

We affirm the conviction for first-degree arson. We reverse the conviction for second-degree arson as a hate crime and vacate the sentence. We remand for an entry of judgment in accordance with this opinion.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**