**STATE of Iowa, Appellee,**

v.

**Steven DeWayne DANIELS, Appellant.**

No. 97–1957.

Supreme Court of Iowa.

Dec. 23, 1998.

Linda Del Gallo, State Appellate Defender, and David Arthur Adams, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald and James Kivi, Assistant Attorneys General, and John E. Schroeder, County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

Steven DeWayne Daniels challenges the sentences imposed on his convictions for first-degree burglary and assault while participating in a felony. Claiming the assault charge merges with the burglary offense under the alternative charged, Daniels argues for resentencing on constitutional and statutory grounds. Finding no error, we affirm.

A jury could have found the following facts. While high on methamphetamine and armed with a .410 shotgun, Daniels forced his way into the home of Jenice Cavin. Cavin is the mother of Daniels' former girlfriend, Shi Murphy. Cavin, as well as Murphy and Cavin's granddaughter, were all in the house when Daniels announced they were about to die. When Cavin questioned him, Daniels struck her severely about the head and shoulders with the shotgun. Cavin then fled out the back door. Daniels followed her, firing his shotgun at her before returning to the house. Murphy, meanwhile, contacted the sheriff, who shortly arrived on the scene.

The State charged Daniels with attempted murder, first-degree burglary, assault while participating in a felony, terrorism, and as a felon in possession of a firearm. Before trial Daniels pleaded guilty to the firearm possession charge. A jury returned guilty verdicts on all the other charges.

On appeal Daniels challenges only the consecutive sentences entered on his convictions for first-degree burglary, *see* Iowa Code §§ 713.1, .3 (1995), and assault while participating in a felony, *see* Iowa Code § 708.3. He complains he has been punished twice for the same offense, in violation of the Double Jeopardy Clause of the United States Constitution and Iowa's merger statute. *See* U.S. Const. amend. V; Iowa Code § 701.9.

We review Daniels' constitutional claim de novo, his statutory claim at law. *State v. Perez*, 563 N.W.2d 625, 627 (Iowa 1997).

I. In several recent cases this court has observed that our merger statute, Iowa Code section 701.9, codifies the protection from cumulative punishment secured by the Double Jeopardy Clause of the United States Constitution. *See, e.g., State v. Anderson*, 565 N.W.2d 340, 344 (Iowa 1997); *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995); *State v. Gallup*, 500 N.W.2d 437, 445 (Iowa 1993). By its terms, the merger statute protects a person from conviction "of a public offense which is necessarily included in another public offense of which the person is convicted." Iowa Code § 701.9. If a jury returns a verdict conflicting with this statute, the court must enter judgment on the greater offense only. *Id.*; *see* Iowa R.Crim. P. 6(2) (defendant may be convicted of offense charged, or an included offense, but not both).

The merger statute, like its constitutional counterpart, operates as a check on the courts, not the legislature. *Perez*, 563

N.W.2d at 627. "[L]egislatures are not constrained by the Double Jeopardy Clause from defining crimes and fixing punishments." *Id.* Iowa Code section 701.9 merely "prevents a court from imposing a greater punishment than the legislature intended." *Halliburton,* 539 N.W.2d at 344.

Legislative intent to impose multiple punishment, when more than one offense is charged from a single incident, may be discerned from the plain text of the pertinent statutes. *Perez,* 563 N.W.2d at 628. Here, however, the parties' dispute centers on application of the familiar "legal elements test." Application of the test involves comparing the elements of the two offenses to see "whether it is possible to commit the greater offense without also committing the lesser offense." *Halliburton,* 539 N.W.2d at 344. If one of the crimes may be committed in alternate ways, "the alternative submitted to the jury controls" the comparison. *Anderson,* 565 N.W.2d at 344. Pertinent to this appeal, Iowa Code section 713.1 defines burglary to include unlawful entry with intent to commit "a felony, assault, or theft." First-degree burglary, defined by section 713.3, may be established by proof that the burglary occurred at an occupied structure, or while the burglar possessed an incendiary device or dangerous weapon, or if the burglar intentionally or recklessly inflicted bodily injury on one of the occupants.

II. Daniels argues that it is impossible to commit first-degree burglary, instructed under the "intent to commit an assault" alternative, without also committing assault while participating in a felony where burglary is the predicate felony. He claims the elements of each offense are identical. The State counters that the elements do not match up because first-degree burglary requires proof of unlawful entry into an occupied structure plus *intent* to commit an assault; assault while participating in a felony requires proof of *actual assault.*

A comparison of the instructions submitted to the jury furnishes persuasive support for the State's argument. The court explained the essential elements of the crimes this way:

| First–Degree Burglary | Assault While Participating in a Felony |
| --- | --- |
| 1. On or about the 22nd day of January, 1996, the defendant entered the residence of Dan and Jenice Cavin. | 1. On or about the 22nd day of January, 1996, the defendant participated in the crime of Burglary in the First Degree, as defined in Instruction No. 18. |
| 2. The Cavin residence was an occupied structure as defined in Instruction No. 19. | 2. While he participated, he *committed an assault* on Jenice Cavin, as defined in Instruction No. 26. |
| 3. Persons were present in the occupied structure. | |
| 4. The defendant did not have permission or authority to enter into the Cavin residence. | |
| 5. The defendant did so *with the specific intent to commit an assault.* | |
| 6. During the incident the defendant possessed a dangerous weapon. | |

(Emphasis added.) The court also gave the following definition of assault:

Assault is committed when a person does an act which is meant to cause pain or injury, result in physical contact which will be insulting or offensive or place another person in fear of immediate physical contact which will be painful, injurious, insulting or offensive to another person, when coupled with apparent ability to do the act.

Juxtaposing the two crimes, it appears plain to us that assault while participating in a felony contains an element not essential to proof of first-degree burglary, that is, commission of an assault. In other words, it is possible to commit first-degree burglary, under the intent-to-assault alternative, without actually assaulting someone. *See State v. McNitt,* 451 N.W.2d 824, 825 (Iowa 1990) (applying the "impossibility test" articulated in *State v. Jeffries,* 430 N.W.2d 728, 740 (Iowa 1988)). As the State rightfully notes, this would occur if a person broke into a house with the intent of assaulting the occupant but then, before completing the assault, abandoned the enterprise.

We thus hold that assault while participating in a felony is not a lesser included offense of first-degree burglary under the intent-to-assault alternative. Our conclusion is fortified by comparing this case to *State v. Hernandez*, 538 N.W.2d 884 (Iowa App.1995). There the defendant was charged with burglary in the first degree under the "intentionally or recklessly inflicts bodily injury" alternative. *Hernandez*, 538 N.W.2d at 888. Our court of appeals concluded that the companion crime of assault while participating in a felony was a lesser included offense under that scenario because it is impossible to commit the former crime without also committing the latter. *Id.*

The factual scenario before us differs from *Hernandez*, but the controlling legal principle is the same. The record establishes that Daniels forcibly entered the Cavin residence with the intent to assault one or more of its occupants. This constituted proof of burglary. While committing that felony, Daniels assaulted Jenice Cavin. These facts furnished proof of a second crime. Yet the second crime, assault, is not necessarily included in the first crime, burglary. *Cf. State v. Mead*, 318 N.W.2d 440, 446 (Iowa 1982) (burglary not a lesser included offense of assault while participating in a felony because conviction of assault not dependent on successful completion of burglary).

Because Daniels has not shown double punishment for the same offense or, correspondingly, violation of our merger statute, his claim of illegal sentence must fail.

**AFFIRMED.**

All justices concur except CARTER, J., who concurs specially.

CARTER, Justice (concurring specially).

I concur with the opinion of the court that Daniels has shown no right to relief based on double jeopardy grounds or on section 701.9. I write separately to express my belief that this court's approach to the double-punishment issue needs to be revised. As our opinion in *State v. Perez*, 563 N.W.2d 625, 627 (Iowa 1997), correctly notes, the Double Jeopardy Clause prohibits successive prosecutions for the same offense and does not

directly apply to multiple convictions and punishments in the same prosecution. After the decisions in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), and *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), there is virtually no federal constitutional limitation against multiple conviction and punishments on separately charged counts in the same prosecution. Under these Supreme Court decisions, the question of what punishments are constitutionally permissible is no different from the question of what punishments the legislature intended to be imposed. *See State v. McKettrick*, 480 N.W.2d 52, 57 (Iowa 1992).

Unfortunately, some of the language used by this court in applying the constitutional law to statutory claims under section 701.9 has been inaccurate and confusing. Foremost in the confusion is a misguided two-step analysis described as follows in *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995):

> In detecting legislative intent, we first decide whether the crimes meet the legal elements test for lesser included offenses. If they do, we then study whether the legislature intended multiple punishments for both offenses.

(Citations omitted.)

Although *Garrett* makes clear that the included offense test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), "is not controlling when the legislative intent is clear from the face of the statute or legislative history," *Garrett*, 471 U.S. at 777–78, 105 S.Ct. at 2410–11, 85 L.Ed.2d at 770–71, there are no proscriptions in the *Garrett* or *Hunter* cases that preclude a state legislature from adopting the *Blockburger* included offense rule as a legislative prohibition against double punishment.[1] That is what our legislature has done by enacting section 701.9. Section 701.9 is a general statute that governs all crimes contained in our criminal code. Consequently, *all* included offenses meeting the *Blockburger* analysis must be merged within the greater offense because this is the intent of the legislature as expressed in that statute.

The two-step analysis that this court has been applying improperly allows included of-

---

1. *Garrett* states:
   There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a

transaction which it has the power to prohibit and punishing also the completed transaction. *Id.* at 779, 105 S.Ct. at 2411, 85 L.Ed.2d at 771.

fenses under the *Blockburger* test to be separately punished based on this court's intuitive conclusions concerning a presumed legislative intent. This is an unwarranted judicial abrogation of the clear directive contained in section 701.9.[2]

---

**2.** Of course, a two-step analysis is required if a defendant's argument based on section 701.9 fails, and there are other indicia of an intent to merge the crimes. *See State v. Willard,* 568 N.W.2d 813, 814 (Iowa 1997) (intent found in statute reading "arson which is not arson in the first degree is arson in the second degree").