**IN THE COURT OF APPEALS OF IOWA**

No. 13-1790
Filed January 28, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**TYJUAN L. TUCKER,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Carla T. Schemmel, Judge.

　　　　Tyjuan Tucker appeals from his convictions and sentences for three offenses: assault causing bodily injury, assault on a peace officer, and assault on a health care provider after a jury returned guilty verdicts. **AFFIRMED.**

　　　　Nicholas Einwalter, Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, John P. Sarcone, County Attorney, and Shannon Archer, Assistant County Attorney, for appellee.

　　　　Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Tyjuan Tucker appeals from his convictions and sentences for three offenses: assault causing bodily injury, assault on a peace officer, and assault on a health care provider after a jury trial.

### I. Factual and Procedural Background

On July 11, 2013, a series of incidents occurred ultimately leading to three criminal charges against Tucker. The State and Tucker provided contrary accounts of the events.

The State's case in chief included six eye-witnesses to the events. According to the State's witnesses, at approximately 11:00 in the morning in question, Tucker was a passenger in a car driven by Juli Firestine. The car pulled over against the curb. Detective Yanira Scarlett of the Des Moines Police Department passed by the car and observed a black male inside who appeared to be punching something or someone. She turned around to investigate.

She pulled up in front of the car when she noticed Firestine standing outside the car, visibly shaken. Tucker appeared from behind the car. He had been in the back seat of the car, broken the back windshield, and climbed out through the broken window. He began to approach Scarlett, who was not in uniform. Scarlett identified herself as a police officer and ordered Tucker to stop his approach. Tucker continued forward while Scarlett backed away, repeating her identification and demanding that Tucker stop his advance. Tucker came within arm's length of Scarlett, and he punched at her. The punch grazed the side of Scarlett's face. She drew her gun and fired one shot into Tucker's abdomen.

An ambulance arrived to take Tucker to the hospital. While en route to the hospital in the back of the ambulance, Tucker punched his attending medic in the face.

Based on the events of July 11, the State charged Tucker with three offenses: assault causing bodily injury, assault on a peace officer, and assault on a health care provider. The first assault—that against Firestine—was charged as a violation of Iowa Code section 708.2(2) (2013).[1] The latter two assaults—those against Scarlett and the medic—were charged as violations of Iowa Code section 708.3A(4).[2]

Trial commenced on September 25, 2013. Tucker testified in his own defense. In his account of events, he was not a passenger in Firestine's car. He had been walking along the road that morning while out searching for a second job. He recognized Firestine's car as it passed him. He watched the car pull over on the side of the road and went towards the car to see what was going on. He testified that Scarlett suddenly appeared on the scene and shot him without provocation.

---

[1] "A person who commits an assault, as defined in section 708.1, and who causes bodily injury or mental illness, is guilty of a serious misdemeanor." Iowa Code § 708.2(2). Iowa Code section 708.1(2) provides:

> 2. A person commits an assault when, without justification, the person does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

[2] "Any other assault, as defined in section 708.1, committed against a peace officer . . . [or] health care provider . . . by a person who knows that the person against whom the assault is committed is a peace officer . . . [or] health care provider . . . is a serious misdemeanor." Iowa Code § 708.3A(4).

After Tucker concluded his testimony and rested his case, the State called Sergeant Daniel Blom as a rebuttal witness. Blom was a police officer working in the internal affairs department who took phone calls from the public about the actions of officers. On August 7, 2013, Blom received a phone call from a man who identified himself as Tyjuan Tucker. Blom recorded the call. During the call, Blom listened to the caller explain that he was upset by the media's description of the incident and that he wanted to give his side of the story. He went on tell Blom his own version of the events of that day, a narrative that included several specific details about the incidents.

The caller's description of the details of the incident in the car and on the side of the road contradicted Tucker's trial testimony. Tucker objected to the admission of the recorded conversation both formally through counsel and by his own personal statements in the jury's presence. Tucker's objection included his claims he had not called Blom and the caller on the recording was not him. The district court listened to the audio recording with defense counsel, Tucker, and the prosecutor outside the presence of the jury. The court overruled Tucker's objection, and the recording was admitted into evidence and played for the jury. The district court issued a jury instruction to guide the jury in its use of the admissions on the phone call recording as evidence.

The jury convicted Tucker on all three charges. Tucker appeals, claiming the telephone call should have been ruled inadmissible. He further claims the jury instruction regarding out-of-court admissions was given in error.

## II. Standard and Scope of Review

We review evidentiary rulings for an abuse of discretion, which occurs when a court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *See State v. Helmers*, 753 N.W.2d 565, 567 (Iowa 2008). We review challenges to jury instructions for correction of errors at law. *See State v. Frei*, 831 N.W.2d 70, 73 (Iowa 2013).

## III. Discussion

Tucker asserts the district court abused its discretion in admitting the recording of and testimony regarding the telephone call Blom received because the State failed to lay a sufficient foundation to establish the identity of the caller. Authentication of evidence is a condition precedent to its admissibility, and that requirement is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Iowa R. Evid. 5.901.

The advisory committee's note to the identical federal rule states the "mere assertion of his identity by a person . . . is not sufficient evidence of the authenticity of the conversation[;[3]] . . . additional evidence of his identity is required. The additional evidence need not fall in any set pattern. Thus the *content of his statements* . . . may furnish the necessary foundation." Fed. R. Evid. 901 advisory committee's note (emphasis added).

As the advisory committee note suggests, when circumstantial evidence of authenticity is strong enough to establish a sufficient foundation, the proffered

---

[3] Though Iowa courts have not recently considered self-identifying callers, there is case law to confirm the advisory committee's note. *See Barber v. City Drug Store*, 155 N.W. 992, 994 (Iowa 1916) (holding a "naked statement that the talker is the named person, where the witness knows neither the man nor his voice" is not a sufficient basis to authenticate it).

evidence may be admitted. *See, e.g.*, *State v. Holderness*, 293 N.W.2d 226, 233–34 (Iowa 1980) (citing *United States v. Stearns*, 550 F.2d 1167, 1171 (9th Cir. 1977)) (finding photographic evidence supported by strong circumstantial evidence admissible).

In this case, the circumstantial evidence bearing upon the identity of the caller indicates that it was indeed Tucker who called Blom. The caller relayed detailed information about the incident, including how the incident began, how he broke out and exited through the rear window of the car, and the nature of the medical care he received while in the hospital. The caller's intimate knowledge of the events taken alongside his self-identification constitutes substantial circumstantial evidence supporting a finding that the recording of the call was what the State claimed it to be: prior out-of-court admissions by Tucker. The authentication requirement of our rule of evidence was satisfied.

Tucker was adamant at trial that he was not the man speaking on the phone in the recording, and his counsel made clear in cross-examination of Blom that the identity of the caller could not be definitively shown by hard evidence. It was then the jury's role to determine whether Tucker's claim was credible. "When the district court has determined that the State has established a sufficient foundation for the admission of the . . . evidence, speculation to the contrary affects the weight and *not the admissibility* of the evidence." *State v. Biddle*, 652 N.W.2d 191, 196–97 (Iowa 2002) (emphasis added) (citing *State v. Orozco*, 290 N.W.2d 6,10 (Iowa 1980)).

The district court's admission of the telephone call was based on a showing of circumstantial evidence sufficient to "support a finding that the

[telephone call] in question is what its proponent claims." Iowa R. Evid. 5.901(a). The court therefore did not abuse its discretion in admitting the evidence.

Tucker next claims that the district court's instruction to the jury regarding out-of-court admissions and his credibility[4] was given improperly and "begged the jury to make unfair inferences." We will only find error in jury instructions if they fail to correctly state the law or are not supported by substantial evidence. *See State v. Hanes*, 790 N.W.2d 545, 548 (Iowa 2010).

The instruction may have been improper if the telephone call had been erroneously admitted into evidence; however, having concluded the call was admissible, we can identify no error in the instruction. Tucker does not claim that the instruction incorrectly states the law or is not supported by substantial evidence. Instead, he claims, "After reviewing that instruction, a reasonable juror could have been misled on how to give weight to . . . inconsistencies [in the alleged prior admissions]."

We do not agree the instruction is misleading. The instruction is taken verbatim from a model instruction used to guide the jury in its credibility determinations. It makes explicit that the jury could have disregarded the phone call entirely if it believed Tucker's claim that he never spoke with Blom. It gives

---

[4] Jury instruction 12A stated:

Evidence has been offered to show that the defendant made statements at an earlier time and place.

If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial.

You may also use these statements to help you decide if you believe the defendant. You may disregard all or any part of the defendant's testimony given at trial, but you are not required to do so. Do not disregard the defendant's testimony if other evidence you believe supports it or you believe it for any other reason.

the jury a fair opportunity to give credit to Tucker's recounting of the facts. The district court did not err in its instructions to the jury.

Because the district court's admission of the phone call was a proper exercise of its discretion and the jury instructions were also proper, we affirm.

**AFFIRMED.**