# IN THE COURT OF APPEALS OF IOWA

No. 15-1593
Filed June 15, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**COREY RAY PETTIT,**
          Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

Corey Ray Pettit appeals the district court's extension of a no-contact order. **AFFIRMED.**

William P. Baresel of Prichard Law Office, P.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Corey Ray Pettit appeals the district court's extension of a no-contact order, claiming hearsay was improperly used at the hearing, the State failed to show an ongoing threat, the burden was improperly placed on him, and Iowa Code section 664.A8 (2013) is void for vagueness. We affirm.

## I.    BACKGROUND FACTS AND PROCEEDINGS

In 2005, Pettit threatened to kill his then-girlfriend, Rosalind Marcili, with a gun. He was charged with aggravated domestic abuse assault and going armed with intent (which was later dismissed). A magistrate issued a temporary no-contact order prior to trial. A jury found Pettit guilty of the lesser offense of simple misdemeanor domestic abuse assault, pursuant to Iowa Code sections 236.2, 708.1, and 708.2A (2005). The court entered a sentencing order that included a provision extending the no-contact order for five years. The no-contact order was modified in November to allow Pettit to have contact with his children, who were in Marcili's custody. In 2006, the no-contact order was modified to allow Pettit to have contact with Marcili to discuss visitation with the minor children. In 2010, the district court extended the no-contact order for another five years.

In 2015, a second motion to extend the no-contact order was filed. The court granted the motion, but Pettit requested a hearing. At the hearing, Pettit claimed he no longer posed a threat to Marcili and, therefore, the no-contact order was "not necessary." Marcili testified her son reported to her that in 2014 Pettit told the son he wished Marcili were dead. She also testified she feared

Pettit. After the hearing, the court extended the no-contact order. Pettit now appeals.

## II. STANDARD OF REVIEW

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *State v. Helmers*, 753 N.W.2d 565, 567 (Iowa 2008). When a defendant attacks the constitutionality of a sentence, our review is de novo. *State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015). We review sentences for correction of errors at law when the defendant challenges the legality of a sentence on nonconstitutional grounds. *Id.* Because this appeal concerns statutory interpretation, we also review the no-contact order extension for correction of errors at law. *See* Iowa R. App. P. 6.907; *State v. Wiederien*, 709 N.W.2d 538, 540 (Iowa 2006).

## III. DISCUSSION

Pettit claims the district court improperly extended the no-contact order due to the use of hearsay evidence, the State failed to show he continued to pose a threat to Marcili, the burden was improperly placed on him to prove he was no longer a threat, and Iowa Code section 664A.8 is void for vagueness. In response, the State claims our court is without jurisdiction. The State also claims, in the alternative, that error has not been preserved on Pettit's claims concerning the burden of proof and vagueness.

### A. Jurisdiction

The State claims Pettit has no right to appeal from the district court's order extending the no-contact order because that order was not a final judgment and,

in the alternative, he failed to provide reasons for discretionary review. We disagree

We decided an identical jurisdictional issue in *State v. Sinclair*, where we found this court had jurisdiction to decide an appeal from the extension of a no-contact order. No. 12-1151, 2013 WL 3458146, at *2 (Iowa Ct. App. July 10, 2013). We reasoned:

> The question of appellate jurisdiction depends on what authority the district associate judge exercised when extending the no-contact order. Iowa Code section 602.6306(4) (2011) provides where district associate judges are "exercising the jurisdiction of magistrates" appeals are "governed by the laws relating to appeals from judgments and orders of magistrates"; i.e. the district court should hear the issue on appeal. *See* Iowa Code §§ 602.6306(4), 602.6405. Where district associate judges are "exercising any other jurisdiction," appeals are "governed by the laws relating to appeals from judgments or orders of district judges"; i.e. the Court of Appeals should hear the issue on appeal. *Id.* § 602.6306(4); *see also id.* § 602.5103(2).
>
> While the underlying offense in this case was a simple misdemeanor, we are not persuaded the legislature's grant of subject matter jurisdiction for magistrates to hold trials in simple misdemeanor cases impliedly confers unlimited jurisdiction for magistrates to extend no-contact orders arising in such cases for additional five-year terms, without limit on the number of modifications, under section 664A.8. *Cf.* [*State v.*] *Erdman*, 727 N.W.2d [123,] 125–26 [(Iowa 2007)] (holding district associate judges' jurisdiction to hear indictable misdemeanors and class "D" felonies did not confer jurisdiction to enter judgment in those cases on bail bonds in excess of $10,000).
>
> Significantly, section 602.6405 does not mention chapter 664A. Because of this omission, the district associate judge exercised "any other jurisdiction" instead of the jurisdiction of a magistrate. The Court of Appeals then has jurisdiction to consider the appeal. *See* Iowa Code § 602.6306(4).

*Id.*

We find jurisdiction is proper and address Pettit's claims.[1]

---

[1] Our court has also found an appeal from the extension of a no-contact order was properly before our court as an application for discretionary review. *See State v. Dowell*, No. 13-1269, 2015 WL 4158758, at *1 (Iowa Ct. App July 9, 2015). Relying on Iowa

### B.    Error Preservation

The State claims Pettit has not preserved his burden of proof and vagueness claims on appeal because he did not raise them at the no-contact order extension hearing.  We have held a no-contact order, if contained in the original sentencing order, is part of the sentence and can be challenged at any time as an illegal sentence.  *See State v. Hall*, 740 N.W.2d 200, 202 (Iowa Ct. App. 2007) (finding a challenge to a no-contact order, raised for the first time on appeal, was not waived and should be treated as a challenge to an illegal sentence); *see also, e.g.*, *State v. Sanchez*, No. 13-1989, 2015 WL 4935530, at *5 (Iowa Ct. App Aug. 19, 2005).  "[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional."  *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009).  We find Pettit's claims fit this definition and address the merits.

### C.    Hearsay

Pettit claims the court improperly relied on hearsay testimony of the son and, because hearsay is inadmissible, the district court should not have relied on the statement in finding Pettit continued to pose a threat.  The rules of evidence are inapplicable in sentencing proceedings.  Iowa R. Evid. 5.1101(c)(4).  Given the no-contact order was part of Pettit's sentence, we find rule 5.1101(c)(4) applies to any hearing concerning the extension of a no-contact order.  We find

Code section 814.6(2)(e), we found given the "serious interest at stake in a five year extension of an order prohibiting contact with one's children" treating the appeal as an application for discretionary review was proper. *Id.*

the district court did not abuse its discretion in considering evidence concerning Pettit's son's statement.

### D. Void for Vagueness, Burden of Proof, and Ongoing Threat

Pettit claims Iowa Code section 664A.8 is void for vagueness, the burden of proof should not have been placed on him to show he was no longer a threat, and the district court improperly extended the no-contact order.

> The purpose of statutory interpretation is to determine the legislature's intent. We give words their ordinary and common meaning by considering the context within which they are used, absent a statutory definition or an established meaning in the law. We also consider the legislative history of a statute, including prior enactments, when ascertaining legislative intent. When we interpret a statute, we assess the statute in its entirety, not just isolated words or phrases. We may not extend, enlarge, or otherwise change the meaning of a statute under the guise of construction.

*Schaefer v. Putnam*, 841 N.W.2d 68, 75 (Iowa 2013) (citations omitted).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits vague statutes. *State v. Reed*, 618 N.W.2d 327, 332 (Iowa 2000). "A similar prohibition has been recognized in Iowa's due process clause found in article I, section 9 of the Iowa Constitution." *Formaro v. Polk Cty.*, 773 N.W.2d 834, 840 (Iowa 2009) (citation omitted). "In assessing whether a statute is void-for-vagueness this court employs a presumption of constitutionality and will give the statute 'any reasonable' construction to uphold it." *Id.* "Conversely stated, challengers to a statute must refute 'every reasonable basis' upon which a statute might be upheld." *State v. Nail*, 743 N.W.2d 535, 540 (Iowa 2007) (citation omitted).

There are three generally cited underpinnings of the void-for-vagueness doctrine. First, a statute cannot be so vague that it does not give persons of ordinary understanding fair notice that certain conduct is prohibited. Second, due process requires that statutes provide those clothed with authority sufficient guidance to prevent the exercise of power in an arbitrary or discriminatory fashion. Third, a statute cannot sweep so broadly as to prohibit substantial amounts of constitutionally-protected activities, such as speech protected under the First Amendment.

*Id.* at 539.

Iowa Code section 664A.8 provides in relevant part, "The court shall modify and extend the no-contact order for an additional period of five years, *unless the court finds that the defendant no longer poses a threat* to the safety of the victim, persons residing with the victim, or members of the victim's family." (Emphasis added.)

Pettit claims section 664A.8 is void for vagueness because the statute does not provide guidance on how the court should measure whether he still "poses a threat" to the victim. He notes the court's conclusion the victim still felt afraid a decade after the no-contact order was issued was insufficient to support extending the no-contact order. We find Pettit has failed to carry his burden to "refute every reasonable basis" upon which section 664A.8 may be upheld. *See Nail*, 743 N.W.2d at 540. The State claims the word "threat" is a word of ordinary meaning the fact-finder may apply based on the facts presented. *See Schaefer*, 841 N.W.2d at 75. We find this is reasonable and decline to find section 664A.8 void for vagueness.

Relatedly, Pettit claims section 664A.8 is ambiguous because there is a lack of guidance to the court or to the defendant on what needs to be shown and the statute improperly violates his constitutional rights. Looking at the plain

language of section 664A.8, we find the statute does not place the burden on the defendant to show the defendant is no longer a threat to the victim. *See* Iowa Code § 664A.8. We find that Pettit's claim is misplaced. The statute provides that the court must find the defendant is no longer a threat to the safety of the victim. The statute does not require the defendant to prove anything; it simply requires the court to make an independent finding based upon the evidence presented.

We also find Pettit has failed to demonstrate a violation of his constitutional rights. Pettit raises vague claims concerning his substantive Due Process rights and his First Amendment right of freedom of speech and association. Pettit has not framed his substantive due process or First Amendment claims in a cognizable fashion, and we decline to do so for him. *See* Iowa R. App P. 6.903(2)(g); *see, e.g.*, *State v. Seering*, 701 N.W.2d 655, 662 (Iowa 2005) (noting "[t]here are two stages to any substantive due process inquiry," these include a determination of the nature of the individual right involved and then which level of scrutiny to apply); *see also, e.g.*, *State v. Bower*, 725 N.W.2d 435, 441 (Iowa 2006) (demonstrating several grounds on which a First Amendment challenge may be properly raised).

Finally, we find the district court did not err in its application of section 664A.8. The evidence submitted at the hearing demonstrated Pettit remained a threat for the purposes of extending the no-contact order for another five years pursuant to section 664A.8.

**AFFIRMED.**