# IN THE COURT OF APPEALS OF IOWA

No. 14-0597
Filed August 17, 2016

STATE OF IOWA,
          Plaintiff-Appellee,

vs.

DARRELL RICARDO BOLDEN,
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Linn County, Sean W. McPartland,

Judge.


          Darrell Bolden appeals the judgment and sentence following his

convictions for attempted burglary in the second degree and possession of

burglar's tools.  **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**



          Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

          Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.



          Considered by Tabor, P.J., McDonald, J., and Mahan, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Darrell Bolden appeals the judgment and sentence following his convictions for attempted burglary in the second degree and possession of burglar's tools. Bolden challenges the sufficiency of the evidence to support the jury's findings of guilt and the district court's denial of his motion for new trial on the grounds that the verdict on the attempted burglary count was contrary to the weight of the evidence. We affirm Bolden's conviction for attempted burglary in the second degree, and we reverse and remand for dismissal Bolden's conviction for possession of burglar's tools.

## I. *Background Facts and Proceedings*

At around 5:45 a.m. on August 9, 2012, Jenifer Jones was awakened by the doorbell on the side door to her house. Jones went to her living room and saw a man—whom she later identified as Bolden—trying to open the door. As Jones called 911, Bolden moved to the front door and tried to open that door. Both doors were locked, and Bolden was not able to open them.

Police arrived within minutes; they observed Bolden crouching down and walking quickly away from Jones's house. Bolden was holding some gloves in his hand, and he had a small flashlight in his pocket. He initially told police he knocked on the door because he was looking for someone; later, he said he knocked to ask if the homeowner wanted to sell the car parked behind the home.

Bolden was charged with attempted burglary in the second degree, as a habitual offender; possession of burglar tools; and interference with official acts. *See* Iowa Code §§ 713.2, 713.6(1)(b), 713.7, 719.1(1), 908.2 (2011). Following a

trial, the jury found Bolden guilty on counts one and two and acquitted him on count three, and the district court entered judgment and sentence.[1]

Bolden appeals. Additional facts specific to his claims on appeal will be set forth below.

## II.    *Standards of Review*

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Showens*, 845 N.W.2d 436, 439-40 (Iowa 2014) (citation omitted). The jury's verdict is binding on appeal unless there is an absence of substantial evidence in the record to sustain it. *State v. Hennings*, 791 N.W.2d 828, 832 (Iowa 2010), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269 (Iowa 2016). Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *See Howse*, 875 N.W.2d at 688.

In regard to Bolden's claim that the district court erred in denying his motion for new trial because the verdict was contrary to the weight of the evidence, our standard of review is for abuse of discretion. *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

---

[1] The State did not pursue the habitual offender allegation.

### III.    *Sufficiency of the Evidence*

Bolden contends the district court erred in overruling his motion for judgment of acquittal because there was insufficient evidence to sustain his convictions.

### A.    *Possession of Burglar's Tools*

The jury was instructed the State would have to prove the following the elements of possession of burglar's tools:

> 1. On or about the 9th day of August 2012, the defendant had in his possession burglary tools as defined in Instruction No. 20.
> 2. The defendant intended to use either of them to commit a burglary.

Jury Instruction No. 19; *see* Iowa Code § 713.7.  The jury was further instructed:

> The term "burglar's tools" means a key or such tools, instruments, devices, or explosives as are commonly used by burglars; or tools, instruments, devices, or explosives which are capable of being used to commit the crime of burglary.  It is not necessary that the implements be designed or made specifically for unlawful use.  If tools, keys, instruments, devices, or explosives are suitable to use in committing a burglary, it is immaterial that they were designed and adapted for honest and lawful use.  A single tool, by itself, might not be adapted for use in a burglary unless used in combination with other tools, and the presence of other tools in combination may indicate their suitability for use in a burglary.
> The State must prove the defendant intended to commit burglary.  The intent must be in the mind of the defendant at the time he possessed burglar's tools.  However, it is not necessary for the State to prove an intent to commit a specific burglary at any particular time or place, but only an intent to commit the crime of burglary on some occasion of his choice.

Jury Instruction No. 20.

The jury was presented with evidence that Jones was awakened at dawn to someone—who she later identified as Bolden—"trying to open" her front and

side doors and looking in her window. "The sun had started to come up, so it wasn't full brightness yet, but . . . it was bright enough out to see everything." Jones could hear him "working the latch" on the door and "rattling" the door handle. A fence borders the back and side perimeter of Jones's yard.

Police responded to Jones's home within minutes of her 911 call reporting a man trying to break into her home. Police observed Bolden walking away from Jones's home "trying to remain unseen." "He was bent over at the waist, bent forward, crouching down, walking kind of swiftly." Bolden had a pair of gloves in his hands and a small flashlight in his pocket.

In the squad car, Bolden stated, "I didn't do shit." He told officers he was on his way to his house. He said he had been taking Clonazepam and was walking through the yard trying to find a way to get to 1st Street. He could not remember ringing Jones's doorbell but acknowledged he had knocked on the door. First, he said he knocked on the door because he was looking for someone but was mistaken about where the person lived. Later, he said he knocked because his friend liked the car parked in the back and he was going to ask if the homeowner wanted to sell it.[2]

Bolden claims there is a legitimate explanation for the "common items" he had in his possession. He states "a flashlight might be necessary for vision" because he "was out walking at dawn," and in any event, a small flashlight of the type found in his pocket "is of a type routinely carried by many persons." And he points to testimony from his girlfriend that he wore gloves when he did roofing work and he usually carried gloves with him.

---

[2] There was no "for sale" sign on the car or other indication it was for sale.

Upon our review of the facts and circumstances presented here, we believe the flashlight and gloves have legitimate uses and, absent evidence of any other "key, tool, instrument, device, or explosive," they cannot sustain Bolden's conviction for possession of burglar's tools under Iowa Code section 713.7. *See State v. Wilson*, No. 14-0552, 2015 WL 2089365, at *3-4 (Iowa Ct. App. May 6, 2015) (reversing the defendant's conviction for aiding and abetting attempted burglary where the defendant was found near the scene while his friend tried to break into a home, the defendant was nervous when questioned by police, and when police searched the defendant they found a small flashlight, a pair of children's safety scissors, and a pair of mismatched gloves, stating that under the facts, "[W]e do not believe the items he was carrying can be considered burglary tools"); *cf. State v. Salernitano*, 99 A.2d 820, 825 (N.J. Super. Ct. App. Div. 1953) ("While the gloves and flashlight may not be considered as tools adapted or designed for use in breaking and entering, we think that in view of the 'burglar's tools' found in the defendants' possession, the jury could properly consider them as bearing on the question of intent.").

Because the State's evidence was insufficient to prove Bolden possessed burglar's tools, the district court should have granted the motion for judgment of acquittal. Accordingly, we reverse Bolden's conviction and remand for dismissal.

### B. Attempted Burglary in the Second Degree

Bolden also contends the court erred in overruling his motion for judgment of acquittal because there was insufficient evidence to sustain his conviction for attempted burglary in the second degree. On that count, the jury was instructed the State would have to prove the following elements:

      1. On or about the 9th day of August 2012, the defendant attempted to enter into the residence of Jenifer Jones . . . .

      2. The residence was an occupied structure . . . .

      3. The defendant did not have permission or authority to enter the residence.

      4. The residence was not open to the public.

      5. The defendant did so with the specific intent to commit a theft.

      6. During the incident, one or more persons were present in or upon the occupied structure.

Jury Instruction No. 12; *see* Iowa Code §§ 713.2, 713.6(1)(b). According to Bolden, "Overall, the evidence, absent the inference from possession of 'burglary tools,' is insufficient for a reasonable jury to conclude [he] had the intent to commit a theft as opposed to an intent to inquire about the availability of the car in the driveway for sale." This claim implicates the fifth element of the marshalling instruction—specific intent to commit a theft.

Intent can seldom be proved by direct evidence. *State v. Hernandez*, 538 N.W.2d 884, 887-88 (Iowa Ct. App. 1995). Proof of intent usually arises from circumstantial evidence and inferences reasonably drawn from the circumstances. *Id.* When police discover the accused possesses tools, the jury may "start with the inference that the possession of the tools had some purpose, either lawful or unlawful. Whether the purpose was a sinister one would naturally be reflected by the circumstances surrounding such possession." *State v. Furlong*, 249 N.W. 132, 134 (Iowa 1933).

Although we found the State's evidence was insufficient to prove Bolden possessed burglar's tools, we determine the record contains substantial evidence from which the jury could infer Bolden's intent to commit a theft. In this regard, Bolden's intent to commit a theft is supported by his possession of gloves and a

flashlight at dawn in August and the permissible inference drawn from his attempted entry into Jones's home. A factfinder could also draw reasonable inferences from the police officer's observation of Bolden crouched down, walking quickly away from Jones's house, like he was "trying to remain unseen." Bolden's implausible statements concerning his presence at the home and intentions for knocking on the door are also evidence from which the jury could infer his intent to commit a theft. *See State v. Schrier*, 300 N.W.2d 305, 309 (Iowa 1981) (observing that consciousness of guilt may be inferred from palpable falsehood or suppression of true facts). Because sufficient evidence exists from which the jury could have found Bolden guilty of attempted burglary in the second degree, the district court did not err in denying Bolden's motion for judgment for acquittal based on insufficiency of the evidence.

## IV. *Motion for New Trial*

Bolden further contends the district court abused its discretion in denying his motion for new trial on count one, attempted burglary in the second degree. Specifically, Bolden claims, "A new trial is required for the jury to weigh the competing inferences to be drawn from the . . . evidence, without any argument or contention that an intent to commit theft . . . can be inferred from the possession of non-existent 'burglary tools.'"

In its ruling denying Bolden's motion for new trial, the court stated in part:

> The Court concludes here that, based upon the evidence at trial, the resistance pleading filed by the State and the authorities governing the issue, the motion for new trial based upon the contention the verdicts were contrary to the weight of the evidence must be denied. Despite the evidence and argument presented by Defendant at the time of trial and in the motions for new trial contending he was not guilty, it was the jury's role to be the primary

trier of facts and to weigh the evidence and arguments made by the parties. This case does not present the unusual situation where there is reason to believe that critical evidence was ignored in the fact-finding process.

"We accord the district court 'broad discretion in ruling on a motion for new trial.'" *State v. Neiderbach*, 837 N.W.2d 180, 211 (Iowa 2013) (quoting *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003)). "We reverse the district court only if it has abused its discretion." *Id.* "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *Reeves*, 670 N.W.2d at 203.

Given the evidence presented, we find the court did not abuse its discretion in denying Bolden's motion for new trial on count one. We affirm on this issue.

## V.    Conclusion

Upon consideration of the issues raised on appeal,[3] we affirm Bolden's conviction for attempted burglary in the second degree, and we reverse and remand for dismissal of Bolden's conviction for possession of burglar's tools.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[3] In addition to the claims above, Bolden also requests the court preserve several ineffective-assistance-of-counsel claims for a potential postconviction-relief action. Bolden enumerates six potential issues that "depend on currently unknown facts" and "would need to be developed in a postconviction hearing." Because Bolden does not argue the merits of those claims they are not properly before us in this appeal, but Bolden may raise them in a postconviction-relief action.