# IN THE COURT OF APPEALS OF IOWA

No. 17-1962
Filed December 19, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SONYA L. STARK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Timothy T. Jarman, District Associate Judge.


        Defendant appeals her conviction and sentence for theft in the third-degree. **AFFIRMED**.


        Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Sonya Stark appeals her conviction and sentence for the crime of theft in the third degree. Stark argues the district court applied the wrong standard when ruling on her motion for a new trial. Also, she argues there was insufficient evidence in the record to support a conviction of theft in the third degree. Because the district court did not apply the wrong standard when denying the motion for a new trial and there was sufficient evidence to support the conviction, we affirm.

## I. Background Facts and Proceedings

On May 9, 2017, Stark and Brandon Grimes went to a Wal-Mart store at approximately 4:15 in the morning with the intent to steal merchandise and later sell the merchandise to make "quick money." The pair entered the store with two backpacks; each took a cart and then parted ways. The two proceeded to walk around the store, select various items, and place them in their carts but switched carts several times. Stark attempted to leave the store with two car batteries in her cart and was stopped by Wal-Mart employees, who asked to see a receipt. One battery had been placed in a garbage bag; another in a Walmart bag. At this point, Stark called Grimes, who abandoned his cart, grabbed the two backpacks, and met up with Stark. The two quickly left the store; Stark pushed out the cart with the two batteries, and Grimes left with the two backpacks. An asset protection employee followed them out to the parking lot to gather license plate information. Later, Wal-Mart's management and asset protection generated a list of merchandise believed to have been stolen. The merchandise was valued at $776.37, excluding tax.

Stark was charged with theft in the third degree, in violation of Iowa Code sections 714.1(1) and 714.2(3) (2017).[1] A jury trial was held on November 7 and 8. At trial, Grimes[2] testified the two entered Wal-Mart with the intention to steal items and that the two did in fact leave with items that neither of them paid for.[3] After the first day of trial, defense counsel moved for judgment of acquittal. Defense counsel argued the evidence did not prove the value necessary for theft in the third degree. Defense counsel renewed the motion at the start of the second day of trial. The jury entered a guilty verdict for theft in the third degree. Stark filed a motion for new trial and a motion in arrest of judgment. The State filed a resistance to both motions and the court denied the same. Stark was convicted and sentenced to 180 days in jail, 165 days of which were suspended; placed on probation; and ordered to pay fines and surcharges. Stark appeals.

## II. Standard of Review

"Trial courts have wide discretion in deciding motions for new trial." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). Claims that the district court failed to apply the proper standard when ruling on a motion for new trial are reviewed for

---

[1] Iowa Code section 714.1(1) states "[a] person commits theft when the person . . . [t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Theft in the third degree is defined as "[t]he theft of property exceeding five hundred dollars but not exceeding one thousand dollars in value," and it is an aggravated misdemeanor. Iowa Code § 714.2(3).

[2] Grimes was also charged with theft in the third degree for this matter. He testified at Stark's trial that he pled guilty to the charge.

[3] However, at the sentencing hearing on December 4, 2017, Grimes recanted some of his testimony and claimed he and Stark did not steal the batteries. Instead, he stated Stark brought the batteries into Wal-Mart, and he claimed he did not remember actually stealing any items. He further stated he only testified about stealing the batteries because he "was scared and nervous and that [he] was forced to testify. If [he] didn't, [he] would spend time in jail."

correction of errors at law. *State v. Wells*, 738 N.W.2d 214, 218 (Iowa 2007); *see also* Iowa R. App. P. 6.907.

"We review challenges to the sufficiency of the evidence for errors at law." *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000); *see also* Iowa R. App. P. 6.907. "We will uphold a finding of guilt if 'substantial evidence' supports the verdict. 'Substantial evidence' is that upon which a rational trier of fact could find the defendant guilty beyond a reasonable doubt. . . . [W]e view the evidence in the light most favorable to the State." *State v. Pace*, 602 N.W.2d 764, 768 (Iowa 1999) (citations omitted).

### III. Motion for New Trial Standard

Stark asserts the district court applied the wrong standard when ruling on her motion for a new trial. Stark claims the district court did not use the weight-of-the-evidence standard, required by Iowa Rule of Criminal Procedure 2.24(2)(b)(6). Defense counsel moved for a new trial during the sentencing hearing, and the district court made the following ruling:

> Well, with respect to the Motion for New Trial, I find that the weight of the evidence supports the verdict. I was troubled by the fact that the folks at Wal-Mart didn't go and itemize the particular products that were left in the shopping cart inside the store, but I believe that the total value of the property gathered together by the defendant and her accomplice was far in excess of the minimum necessary for Third Degree Theft. Of course, much of it was left behind so it creates a problem for restitution purposes, but for purposes of deciding that, the value of the property intended to have been stolen by the defendant and her accomplice was more than enough to support the verdict of guilty on the charged offense, that being Theft in the Third Degree. As a result, the Motion for New Trial is overruled and denied.

Iowa Rule of Criminal Procedure 2.24(2)(b)(6) states a court may grant a new trial "[w]hen the verdict is contrary to law or evidence." In *State v. Ellis*, our

supreme court held "contrary to the evidence" in Rule 2.24(2)(b)(6) must be interpreted to mean "contrary to the weight of the evidence."  578 N.W.2d 655, 657 (Iowa 1998).[4]

> The weight-of-the-evidence standard requires the district court to consider whether more "credible evidence" supports the verdict rendered than supports the alternative verdict.  It is broader than the sufficiency-of-the-evidence standard in that it permits the court to consider the credibility of witnesses.  Nonetheless, it is also more stringent than the sufficiency-of-the-evidence standard in that it allows the court to grant a motion for new trial only if more evidence supports the alternative verdict as opposed to the verdict rendered. The question for the court is not whether there was sufficient credible evidence to support the verdict rendered or an alternative verdict, but whether "a greater amount of credible evidence" suggests the verdict rendered was a miscarriage of justice.
>
> In contrast to a motion for a new trial brought under the sufficiency-of-the-evidence standard, a motion for new trial brought under the weight-of-the-evidence standard essentially concedes the evidence adequately supports the jury verdict.  Consequently, a district court may invoke its power to grant a new trial on the ground the verdict was contrary to the weight of the evidence only in the extraordinary case in which the evidence preponderates heavily against the verdict rendered.

*State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016) (citations omitted).

While the district court did not use the precise terminology, the district court did engage in a weighing of "credible evidence" and found the "weight of the evidence supports the verdict."  *See id.*  The district court evaluated the testimony from Wal-Mart employees in determining whether such testimony was credible and found the items Stark and Grimes intended to steal were valued "in excess of the minimum necessary for Third Degree Theft."  While the district court did not use the words "contrary to the weight of the evidence," we find it did apply the correct

---

[4] The supreme court in *Ellis* cites to rule 23(2)(b)(6), however this rule has been renumbered and is now cited as Iowa Rule of Criminal Procedure 2.24(2)(b)(6).

standard by weighing the credible evidence to determine "whether 'a greater amount of credible evidence' suggests the verdict rendered was a miscarriage of justice." *See id.*

### IV. Sufficiency of the Evidence

Stark argues there was insufficient evidence to prove she committed third-degree theft. Additionally, she argues, based on the insufficient evidence, the district court inappropriately denied her motion for judgment of acquittal. Theft in the third degree requires the stolen items to be valued between $500 and $1000. Iowa Code § 714.2(3). Stark claims the only merchandise she intended to deprive Wal-Mart of was two car batteries that she took out of the store, which are valued at just over $200 in total.

According to the record, Stark and Grimes entered Wal-Mart with the intention of stealing merchandise and selling it for money. In addition to the two car batteries, surveillance video depicted Grimes putting merchandise in his backpacks and walking out of the store with the backpacks. Grimes testified that "four or five DVD complete sets" were also stolen from the store. After the two left, Wal-Mart employees itemized the merchandise they believed the two either took or intended to take based on the surveillance video. The total value of all the merchandise was $776.37. At trial, Wal-Mart employees testified about the value of the merchandise the two gathered, and the surveillance video was shown to the jury. Since the jury was able to hear this testimony as well as view the surveillance video, it is reasonable that "a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *See Pace*, 602 N.W.2d at 768. Viewing the evidence in the light most favorable to the State, there is sufficient evidence to find Stark

guilty of theft in the third degree, and therefore, the district court's denial of the motion for judgment of acquittal was appropriate because substantial evidence supports the conviction. *See State v. Hernandez*, 538 N.W.2d 884, 887–88 (Iowa Ct. App. 1995) ("We review the denial of a motion for judgment of acquittal based on insufficient evidence under a substantial evidence standard.").

## V. Conclusion

We find the district court did not apply the wrong standard when ruling on the motion for a new trial. In addition, we find there was sufficient evidence to support a finding of theft in the third degree.

**AFFIRMED.**