# IN THE COURT OF APPEALS OF IOWA

No. 21-1363
Filed April 12, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FERMIN JOSE MALDONADO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, David Porter, Judge.


        Fermin Maldonado appeals from his convictions for sexual abuse in the third degree and burglary in the first degree. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Chicchelly, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

Fermin Maldonado appeals from his convictions for sexual abuse in the third degree and burglary in the first degree. He argues the evidence is insufficient to support either of his convictions. Because we find substantial evidence to support both verdicts, we affirm.

### I.    Background Facts & Proceedings

According to M.'s testimony, she and Maldonado knew each other for six years and were occasionally romantically involved. Maldonado has a history of violence during sexual encounters with her, including hitting her, strangling her, and dragging her by her hair, which led to her obtaining a protective order against him in October 2020. They saw each other on March 28, 2021, and "[p]ossibly" had consensual sex that day. He called her twenty-two times over the next three days. His behavior concerned her so much she developed a safety plan, which included a code word she could text to her social worker to alert the worker of a likely assault happening and to call the police.

M. further testified that on March 31, 2021, Maldonado knocked on her apartment door in Des Moines, but she did not answer. He then walked around the building and knocked on her apartment window. She opened the window "about a fourth of the way to talk to him" and told him he could not come inside her apartment and "was trespassed." Disregarding her wishes, Maldonado opened the window wider and entered the apartment, prompting M. to text the emergency code word to her social worker. After Maldonado used the bathroom and talked to M., he removed her pants and forced her to have vaginal intercourse depite her crying, pushing him back, and telling him to stop.

Officer Daniel Dempsey with the Des Moines Police Department responded to the social worker's call and soon arrived at M.'s apartment. He knocked on the apartment door and, about thirty seconds later, M. opened the door. Officer Dempsey's body camera recorded the encounter, showing M. crying and holding a blanket around her lower half. M. said Maldonado forced her to have sex with him and then climbed out through her apartment window when he heard the knocking on her door. Officer Dempsey went outside and, based on a description M. provided, quickly located Maldonado across the street from the apartment. Maldonado gave a false name before admitting his true name to the officer. In a later police interview, Maldonado initially denied having sex with M. on March 31, but he eventually admitted to the act though he claimed it was consensual.

Maldonado was arrested and charged with sexual abuse in the third degree and burglary in the first degree. After a jury trial in June 2021, he was convicted as charged. The district court sentenced him to terms of incarceration not to exceed ten years for sexual abuse and twenty-five years for burglary, run concurrently, and ordered restitution. Maldonado appeals.

## II.     Standard of Review

"We review the sufficiency of the evidence for correction of errors at law." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (quoting *State v. Buman*, 955 N.W.2d 215, 219 (Iowa 2021)). "The jury's verdict binds this court if the verdict is supported by substantial evidence." *Id.* "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State,

including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)).

### III. Analysis

#### A. Sexual Abuse in the Third Degree

Sexual abuse in the third degree occurs when a "person performs a sex act . . . by force or against the will of the other person." Iowa Code § 709.4(1)(a) (2021). M. explicitly testified Maldonado performed a sex act on her against her will: "He pulled down his pants and pulled my pants off, and I was—told him, no, I don't want to have sex, and he did not care, and he kept going, and he stuck his penis into my vagina." *See State v. Donahue*, 957 N.W.2d 1, 10–11 (Iowa 2021) ("A sexual abuse victim's testimony alone may be sufficient evidence for conviction."). Moreover, other evidence corroborated M.'s testimony, including her texting an emergency code word to her social worker as Maldonado entered M.'s apartment, her distraught manner when Officer Dempsey first encountered M. immediately after the incident, and Maldonado's shifting stories to police. On our review of all the evidence, we find substantial evidence to support the jury's verdict of sexual abuse in the third degree.

#### B. Burglary in the First Degree

Burglary occurs when a "person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure." Iowa Code § 713.1. Burglary in the first degree occurs when a person "while perpetrating a burglary . . . performs or participates in a sex act with any person which would constitute sexual abuse." *Id.* § 713.3(1)(d).

Maldonado specifically challenges the sufficiency of the evidence proving he had the specific intent to commit an assault *at the time of entry*. *See id.* § 713.1. He asserts that because he went to the bathroom and talked to M. before the sex act, the evidence could not establish he intended to assault her at the time he entered the apartment.

"To convict defendant of burglary, the jury had to, and was allowed to, infer his intent to commit an assault from the circumstances of his entry and his subsequent acts." *State v. Olson*, 373 N.W.2d 135, 136 (Iowa 1985). Viewing the record in the light most favorable to the State, the evidence is sufficient to establish Maldonado's intent at the time of entry. M. obtained a protective order against him months before due to her claims Maldonado was violent with her. *See State v. Rodriquez*, 636 N.W.2d 234, 242 (Iowa 2001). Moreover, some of Maldonado's behaviors toward M. in the days leading up to the assault were so concerning that she developed a safety plan with her social worker. On March 31, Maldonado forced his way into M.'s apartment through her window after she told him not to enter. He then committed a sex act on her despite her physical and verbal resistance. While the evidence shows he did not immediately assault her upon entry, the delay for him to go to the bathroom and talk to M. is not so great as to negate a finding of intent at the time of entry. The evidence is sufficient for the jury to have concluded Maldonado intended to assault M. at the time he entered her apartment, and there is substantial evidence for us on review to support the verdict of the jury.

**IV.     Conclusion**

Because we find substantial evidence to support the jury's verdict on both charges, we affirm.

**AFFIRMED.**